IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Civil Action No. 21-1505 |

ORDER

AND NOW, this 29th day of March 2023, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 17) filed in the above-captioned matter on August 22, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on June 22, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED insofar as he has sought remand for further administrative proceedings. Accordingly, this matter is hereby remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

I.  **Background**

Plaintiff protectively filed an application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, on May 20, 2019. (R. 12). After his claim was initially denied and denied upon reconsideration, Plaintiff sought a hearing. (*Id.*). Plaintiff received a telephonic hearing before an Administrative Law Judge ("ALJ") who, after conducting the hearing and reviewing Plaintiff's record, found Plaintiff to be not disabled under the Act. (R. 12, 21). His decision became the final agency determination of

Plaintiff's claim when the Appeals Council denied Plaintiff's request for review (R. 1). 20 C.F.R. § 404.981. Plaintiff has sought the Court's review of the decision.

## II. Standard of Review

The Court reviews an ALJ's findings of fact for "substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This standard of review is deferential and does not permit "*de novo* review of the Commissioner's decision or [a] re-weigh[ing of] the evidence of record." *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (citing *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190—91 (3d Cir. 1986)).

ALJs employ a five-step evaluation to determine disability. *Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017) (citing 20 C.F.R. § 404.1520(a)). Pursuant thereto, an ALJ asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.

*Id.* (citing 20 C.F.R. § 404.1520). Before an ALJ can resolve the inquiries at steps four and five, he or she must formulate a claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1545(a)(5). A claimant's RFC is "the most [he or she] can still do despite [his or her]

2

limitations." *Id.* § 404.1545(a)(1). It is "based on all the relevant evidence in [a claimant's] case record." *Id.*

### III. The ALJ's Decision

In this matter the ALJ first found Plaintiff had not engaged in substantial gainful activity during the period relevant to his claim. (R. 14). Next, the ALJ found Plaintiff had two severe, medically determinable impairments: "degenerative disc disease and obesity." (*Id.*). He considered evidence of other physical medical conditions, *e.g.*, hypertension and gout, but found they were non-severe. (*Id.*). The ALJ dedicated a significant portion of his step-two discussion to Plaintiff's "medically determinable mental impairment of depression," though he found it "[did] not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and [was] therefore nonsevere." (R. 15). After finding Plaintiff's severe medically determinable impairments, the ALJ moved to step three and there decided Plaintiff did not have an impairment or combination of impairments that met or medically equaled criteria for a Listings impairment. (*Id.*). He explained that the criteria for "Listing 1.04, disorders of the spine, [was] not met" because Plaintiff's "history of cervical degenerative disc disease" did not show a "listing-level condition." (R. 16).

Having found Plaintiff had two severe impairments, but not a presumptively disabling impairment, the ALJ set out to find Plaintiff's RFC. (*Id.*). To that end, the ALJ considered Plaintiff's alleged symptoms and limitations, his objective medical records, and medical opinion and prior administrative medical findings evidence. (R. 16—20). This led the ALJ to find Plaintiff could perform a reduced range of light work. (R. 16). He added to the baseline limitations for light work that Plaintiff would be limited to jobs "requiring no more than occasional climbing of ladders and scaffolds, and only occasional balancing, stooping, kneeling,

crouching, and crawling." (R. 16).[1] This RFC would not permit Plaintiff's return to past work as a "general laborer, which was heavy and semiskilled." (R. 20). However, the ALJ determined at the fifth and final step of the evaluation that Plaintiff's RFC, age, education, and work experience would permit "successful adjustment to other work that exists in significant numbers in the national economy." (R. 21). Accordingly, the ALJ found Plaintiff to be not disabled under the Act. (*Id.*).

## IV.     Legal Analysis

Before the Court, Plaintiff has alleged the ALJ failed to adequately address evidence relevant to limitations arising from his "cervical spine symptoms," like limited range of motion in his neck and difficulty lifting overhead. (Doc. No. 14, pg. 9). Though the ALJ's decision is thorough in many respects, the Court agrees that the ALJ appears to have overlooked evidence in Plaintiff's record that might have been found to support further limitation of Plaintiff's RFC. Accordingly, the Court cannot find the decision to be supported by substantial evidence.

An ALJ must "set forth the reasons for his decision." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). Without "a clear and satisfactory explication of the basis on which [a decision] rests," reviewing courts cannot "perform [their] statutory function of

---

[1]     The fundamental limitations associated with light work are articulated in the regulations applicable to Title II claims. Pursuant thereto:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

judicial review." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). It would, of course be infeasible to impose a standard of articulation on ALJs that demanded citation to "every piece of evidence." *Keveanos v. Berryhill*, No. CV 18-3421, 2019 WL 1500624, at *6 (D.N.J. Apr. 5, 2019) (explaining that if ALJs were required to address every piece of evidence, "each ALJ opinion would have to reproduce the medical record itself, a requirement both impractical and futile"); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("[W]e do not expect the ALJ to make reference to every relevant treatment note[.]"). However, "there is a particularly acute need" for an ALJ to acknowledge relevant evidence that he or she rejects. *Cotter*, 642 F.2d at 706. An "ALJ cannot reject evidence for no reason or for the wrong reason. *Id.* (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

In this matter the ALJ appeared to reject limitations opined by medical sources related to Plaintiff's cervical spine symptoms without adequate explanation. The ALJ's review of Plaintiff's alleged limitations and medical evidence was initially thorough. The ALJ noted Plaintiff's history of symptomatic cervical degenerative disc disease with surgery in 2013 and ongoing "tenderness and limited range of motion of the neck" (R. 16); his alleged neck pain which hovered at a 2—3/10 level of pain but increased and included spasms to his back with activity (R. 17); his alleged "difficulty turning his head" (*id.*); 2019 treatment records showing "reduced range of motion of the cervical spine" (*id.*); 2020 X-rays of Plaintiff's cervical spine that showed "stable alignment, no hardware complications, and overall no change" since the year before (R. 18); and 2020 examination findings showing "reduced cervical range of motion and mild hypertonicity of the left paraspinal musculature." (*Id.*).

In his review of medical opinions and findings the ALJ acknowledged opinions that Plaintiff would be limited to, *inter alia*, "occasional pushing pulling, and overhead reaching"

5

(Dr. James Goodyear) (R. 19, 344) and "occasional overhead reaching (bilaterally)" (Dr. Isabella Picciotti) (R. 19, 85). He also noted Plaintiff's treating orthopedic specialists limited Plaintiff to light duty work (R. 19 (citing Ex. B2F/15)).[2] The ALJ found these opinions to be persuasive but, problematically, appeared to reject the sources' specific opinions that Plaintiff's cervical spine symptoms would limit his reaching. Explaining his assessment of their persuasive opinions, the ALJ briefly wrote: "While not identical (and [Dr. Goodyear] appears to have overstated some of the claimant's limitations), these opinions are all persuasive in their conclusions that the claimant is capable of at least a range of light exertional work." (R. 19). That short statement does not show how the ALJ formulated an RFC without any reaching or similar limitations from opinions and findings that consistently included reaching limitations.[3] Without an explanation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705.

V.      **Conclusion**

Based on the foregoing, the Court remands this matter to the Acting Commissioner for further administrative proceedings. The Court makes no prediction as to whether further consideration of Plaintiff's record on remand will lead to a different outcome of his case. *Bryan S. v. Kijakazi*, No. 3:20-CV-11145, 2022 WL 2916072, at *8 (D.N.J. July 25, 2022) ("[R]emand

---

[2]     The record the ALJ cited for his discussion of notes from Plaintiff's treating orthopedists (B2F) included their notation that Plaintiff's "rotation and flexion extension of his neck is limited." (R. 319).

[3]     The Court notes that another opinion—one the ALJ found to be not persuasive—included similar reaching limitations. The ALJ considered a "checkbox form" filled out by Plaintiff's primary care doctor, Dr. Ali Liandro Mamaril, who indicated Plaintiff would be severely limited, *e.g.*, absent four days monthly. (R. 421). Dr. Mamaril also indicated Plaintiff would be limited in reaching overhead and in all directions (R. 420), and that he could only rarely look down, turn his head to the right or left, or look up. (R. 421). The ALJ ultimately found Dr. Mamaril's opinions were not adequately supported to be persuasive. (R. 19).

of the matter for further consideration is appropriate even if, upon further examination of these issues, the ALJ again concludes that Plaintiff is [not] entitled to benefits."). Regardless of future outcomes, the absence of an adequate explanation for the ALJ's apparent rejection of evidence relevant to Plaintiff's RFC requires remand. So ordered.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of Record